OPINION JUDGMENT ENTRY
{¶ 1} Defendants-appellants West American Insurance Company ("West American") and Ohio Casualty Insurance Co. ("Ohio Casualty") appeal the October 21, 2003 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment against them and in favor of plaintiff-appellee Russell J. Fisher.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On February 5, 1993, appellee was seriously injured as the result of a two-car accident. The driver of the second vehicle was found to be at fault for the accident. On the date of the accident, appellee was employed by Southway Fence Co. The parties stipulated appellee was not acting within the course and scope of his employment at the time of the accident. Appellant West American insured Southway Fence Co. under a business auto policy. Ohio Casualty insured Southway under an umbrella liability policy. American Fire insured Southway under a commercial general liability policy.[1]
{¶ 3} The tortfeasor was insured by Progressive Insurance Co. with liability coverage in the amount of $12,500. Appellee was insured for uninsured motorist coverage under a personal policy with Western Reserve Casualty Co. in the amount of $15,000/person. Progressive and Western Reserve both paid policy limits to appellee.
{¶ 4} On May 28, 2002, appellee filed the instant action. Appellants filed a motion for summary judgment, arguing appellee was not covered under either policy in question. Appellee filed a motion for summary judgment, asserting he was insured under both polices and was entitled to underinsured motorist coverage. The parties each filed respective response briefs.
{¶ 5} Via Judgment Entry filed October 10, 2003, the trial court found appellee was an insured under both the West American and Ohio Casualty policies. On October 21, 2003, the trial court issued a Nunc Pro Tunc Judgment Entry including Civ. R. 54(B) language.
{¶ 6} It is from this judgment entry appellants appeal, raising the following assignments of error:
{¶ 7} "I. The trial court erred in finding that the west American Insurance Company business automobile policy issued to southway fence company provided underinsured motorist coverage to employee Russell J. Fisher, who was not in the course and scope of his employment at the time he was involved in an accident with an underinsured motorist on February 5, 1993.
{¶ 8} "II. The trial court erred in finding that the casualty Insurance Company umbrella policy issued to southway fence company provided underinsured motorist coverage to employee russell J. Fisher, who was not in the course and scope of his employment at the time he was involved in an accident with an underinsured motorist on February 5, 1993.
 I, II
{¶ 9} Because our disposition of appellants' assignments of error is identical, we shall address both assignments together. Appellants' assignments of error are sustained on the authority of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849; and In re: Uninsured Underinsured MotoristCoverage Cases, 100 Ohio St.3d ___, 2003-Ohio-5888.
{¶ 10} The judgment of the Stark County Court of Common Pleas is reversed.
Hoffman, P.J., Wise, J. and Boggins, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is reversed. Costs assessed to appellee.
[1] American Fire is not a party to this appeal.